# AGREEMENT

THIS AGREEMENT made this 13th day of March, 2013, among MARK E. WOOLLEY ("Woolley"), MICHAEL J. GROFT ("Groft"), MGM ENTERTPRISES, INC., a Pennsylvania corporation ("MGM") and KGLA ASSOCIATES, a Pennsylvania partnership ("KGLA").

WITNESSETH:

WHEREAS, MGM is the general partner of KGLA; and

WHEREAS, Woolley owns a 46% limited partnership interest in KGLA; and

WHEREAS, Woolley desires to sell a 3% limited partnership interest in KGLA to Groft and Groft desires to purchase same.

NOW THEREFORE, it is agreed as follows:

1. Recitals. The recitals set forth above are hereby incorporated by reference as part of this Agreement.

2. Purchase of Partnership Interest. Woolley hereby agrees to sell a 3% limited partnership interest in KGLA to Groft and Groft desires to purchase same for a total purchase price equal to Two Hundred Sixty Two thousand, Two Hundred ($262,200.00) Dollars (the "Purchase Price").

3. Payment of Purchase Price. Any proceeds from refinancing or the sale of KGLA assets shall not be paid to Groft, his estate or heirs, until such time as Woolley, his respective

heirs and/or assigns, has received Two Hundred Sixty Two thousand, Two Hundred ($262,200.00) Dollars from sale proceeds, refinance proceeds or payment from Groft.

4. <u>Restrictions.</u>  If at any time Groft shall no longer be employed by MGM by reason of voluntary termination, termination with just cause, or retirement without Woolley's prior approval, then Woolley shall have the option to repurchase his 3% limited partnership interest in KGLA from Groft for an amount equal to Purchase Price, exercisable on or after the date of termination for a period of one (1) year.

If at any time Groft's employment is terminated without just cause, by reason of Groft's death or disability, or Groft retires with the prior written consent of Woolley, then Woolley shall have the option to repurchase his 3% limited partnership in KGLA from Groft for an amount equal to the fair market value of the 3% limited partnership interest valued as of the date of Groft's death by KGLA's certified public accountant, whose determination of fair market value shall be binding on all parties, said option to be exercisable on or after the date of Groft's death, for a period of one (1) year.

For the purposes of this Agreement, for "just cause" shall mean gross negligence; willful misconduct; conduct of any kind which exposes MGM to liability to employees or other third parties; libelous or slanderous remarks regarding MGM or any other party to this Agreement; ceasing to perform normal and customary functions for an extended period for any reason other than death or retirement; fraud or embezzlement in the course of employment; breach of this Agreement; intentional disclosure of confidential information to the material detriment of MGM; willfully engaging in competition or aiding an existing or potential competitor of MGM to the material detriment of MGM; misappropriation of a material opportunity of MGM; the conviction

of a felony or any crime involving moral turpitude; the conviction of a felony or any crime involving MGM or any of its divisions or subsidiaries.

For the purposes of this Agreement, Groft shall be "disabled" if he meets the definition of disabled as defined in MGM's long term disability insurance policy and qualifies for benefits thereunder. In the alternative, if Groft is not a covered employee under said long term disability insurance policy or said policy is not in force, the determination that Groft is "disabled" is as follows: (1) by the decree of a court of competent jurisdiction that Groft is incompetent (the date of such decree being deemed to be the date on which such disability occurred for purposes of this Agreement), or (2) by virtue of a "determination of disability." A "determination of disability" means a determination that Groft, because of a medically determinable disease, injury, or other mental or physical disability, is unable to perform substantially all of his regular duties, and that such disability is determined or reasonably expected to last at least twelve (12) months, based on then available medical information. The determination of disability will be based on the written opinion of the physician regularly attending Groft. If Woolley disagrees with the opinion of such physician (the "First Physician"), he may engage at his own expense another physician (the "Second Physician") to examine Groft. The Second Physician shall confer with the First Physician and, if they together agree in writing that Groft is or is not disabled, their written opinion shall be conclusive as to such disability. All physicians except the First Physician selected hereunder must be board-certified in the specialty most closely related to the nature of disability alleged to exist.

5. <u>Representations, Warranties and Agreements</u>. Woolley represents and warrants that his ownership interest in KGLA is free and clear of all liens and encumbrances of any kind.

6. <u>Settlement</u>. Settlement will be held on or before April 1, 2013, at a mutually convenient date, time and place following the execution of this Agreement. At settlement all documents and agreements must be executed and the transaction completed.

7. <u>Benefit</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors and assigns.

8. <u>Entire Transaction</u>. This Agreement and any accompanying instruments and documents represent the entire transaction between the parties hereto, and there are no representations, warranties, covenants or conditions except those specified herein or in the accompanying instruments and documents.

9. <u>Modification</u>. This Agreement may not be modified or terminated orally, and no modification, termination or attempted waiver shall be valid unless in writing signed by the party against whom the same is sought to be enforced.

10. <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

11. <u>Situs</u>. This Agreement shall be construed according to the laws of the Commonwealth of Pennsylvania in effect as of the date of the execution of this Agreement.

12. <u>Survival</u>. All covenants, warranties and representations herein set forth shall survive this Agreement and the settlement date.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

WITNESS:

_____(SEAL)
Mark E. Woolley

_____(SEAL)
Michael J. Groft

WITNESS:                        KGLA ASSOCIATES

                                By _____

ATTEST:                         MGM ENTERPRISES, INC.

                                By _____
Secretary                                    President

# DEMAND NOTE

$262,200.00                                              March 13, 2013

FOR VALUE RECEIVED, ON DEMAND, Michael Groft, an adult individual of York County, Pennsylvania, promises to pay Mark E. Woolley, his respective heirs and/or assigns, Two Hundred Sixty Two thousand, Two Hundred ($262,200.00) Dollars, payable as follows:

Any proceeds from refinancing or the sale of KGLA Associates assets shall not be paid to Limited Partner Michael Groft, his estate or heirs, until such time as Limited Partner, Mark E. Woolley, his respective heirs and/or assigns, has received Two Hundred Sixty Two thousand, Two Hundred ($262,200.00) Dollars from sale proceeds, refinance proceeds or payment from Michael Groft.

Effective the date of this note, Limited Partner Michael Groft shall be entitled to receive profit and losses from cash flow and shall have all other rights of a Limited Partner.

No interest shall run on this debt absent default.

FURTHER, Michael Groft does hereby authorize and empower any Attorney of the Court of record of Pennsylvania, or elsewhere, or the Prothonotary or Deputy of any Court, to appear for and to enter judgment against him for the above sum, with or without defalcation with costs of suit, release of errors, without stay of execution, and with five (5%) percent added for collection of fees; and Michael Groft does hereby agree and direct that said fees shall be taxed and regarded as liquidated damages, and not as a penalty. And, Michael Groft hereby waives

and releases all relief from any and all appraisement, stay, or exemption of laws of any State not in force, or hereafter to be passed.

WITNESS

_____  _____
                           MICHAEL GROFT

COMMONWEALTH OF PENNSYLVANIA   )
                               : ss.
COUNTY OF __York__             )

On this, the __13th__ day of __March__, 2013, before me, the undersigned officer, personally appeared Michael Groft, known to me, or satisfactorily proven, to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purpose therein contained.

IN WITNESS WEHREOF, I have hereunto set my hand and notarial sel.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Notary Public
York County
Nov. 29, 2013
[...] of Notaries