

August 27, 2020

**Arthur P. Fritzinger**
Direct Phone   215-665-7264
Direct Fax 215-701-2495
afritzinger@cozen.com

**VIA CERTIFIED MAIL**

Michael Groft
1238 Brockie Drive
York, PA 17403

**Re:    Demand Notes**

Mr. Groft,

I am writing to you as counsel for Mark Woolley to address the value of your interest in certain properties identified in Exhibit A to this letter (the "Properties") owned by Mr. Woolley, and in some instances, in part by Steven Gumenick.  It has come to our attention that you have improperly retained funds from certain refinancing projects to which you were not entitled, and that you have not repaid any of the Demand Notes associated with these properties, despite making repeated false representations to the contrary. This letter serves as a formal demand for repayment under each of the Notes referenced in Exhibit A, as well as a demand that you repay Mr. Woolley all proceeds you have retained from refinances on the properties covered by the Notes.

Mr. Woolley's position with regard to the Properties purchased is as follows:

1. The percentage interest you were given in each of the Properties, or in any other purchasing entity, was and is subject to the requirement that you pay for that interest from your own funds.

2. Mr. Woolley has, in past transactions, allowed you to defer payment for your interest until you received funds through a refinance or sale of the property. That is, Mr. Woolley permitted you to rely on future proceeds generated by *your share* from refinancing efforts to then repay him for the ownership interest he provided to you. This courtesy was extended so that you could receive your interest at the time of purchase without having to pay for it immediately, in cash, from your own accounts There was no up-front cost to you when you obtained the interests, and there was an understanding and expectation that you would, in turn, pay them for your share, with your own funds, following refinancing. This arrangement, provided as a courtesy to you, was documented in Demand Notes for each property.

3. Given this arrangement it is important that it be promptly and correctly documented with a Demand Note.

There has been some suggestion that you believe your interest in the Properties has been paid for because Mr. Woolley, or his partner, Mr. Gumenick, have received a return *on their share of the properties* that is equal to the amount of the debt you owe for *your* share. That position is nonsense. It contradicts the plain language of the Demand Notes, the course of conduct by the parties, the structure of these transactions, and the common-sense and obvious principal that

_____

you cannot pay your debts to someone with their own money. Notably, if that illogical position were accurate, then the transfer of the ownership interest to you would have been a gift, or the forgiveness of the notes would constitute ordinary income. Either would have generated substantial tax consequences that we understand are not reflected in the relevant tax returns, further undermining any suggestion that this position has merit.

Additionally, each of the Notes referenced in Exhibit A required you to repay Mr. Woolley before you were eligible to retain any funds from a refinance or sale of a property covered by the Notes. We understand that you have, nonetheless, improperly retained substantial funds from refinancing on each of the properties (sometimes multiple refinances on a single property) despite never having repaid the Notes. Accordingly, we demand that you provide a full accounting of all funds received by you from a refinance on any such properties, and that you immediately repay those funds to Mr. Woolley pursuant to the Notes.

Please contact me to discuss this matter and make appropriate arrangements for (1) repaying the Notes to Mr. Woolley, (2) providing an accounting of all funds you received from refinancing or sale of the properties subject to those Notes, and (3) returning all such funds to Mr. Woolley, as you had no right to retain them before repaying your debt under the Notes.

We look forward to hearing from you promptly. Mr. Woolley reserves all rights and legal causes of action, and this letter should be considered as an invitation to discuss settlement, subject to Pennsylvania and Federal Rules of Evidence 408.

We ask that you respond to us within seven days, or we will prepare to file legal claims against you to address these issues. Mr. Woolley's potential claims include breach of contract, unjust enrichment, negligent misrepresentation and fraud, and would include compensatory damages, punitive damages and an award of attorneys' fees and costs. Mr. Woolley also reserves his rights to take all available self-help, including through MGM Enterprises, Inc. and various partnerships, which may result in rescinding your interest as partial repayment for sums owed.

Sincerely,

COZEN O'CONNOR

BY: ARTHUR P. FRITZINGER

APF/lab

cc: Leigh Ann Benson (via email)
    Mark Woolley   (via email)

Encl.

_____

**EXHIBIT A**

| Property | Date of Related Demand Note |
|---|---|
| Legends II Apartments | March 28, 2008 |
| Cold Springs Apartments | March 28, 2008 |
| Colonial Glen Apartments | March 28, 2008 |
| Cool Creek Manor Apartments | March 28, 2008 |
| Beaufort Park Apartments | July 9, 2009 |
| Hampton Court Apartments | July 9, 2009 |
| Spring Meadow Apartments | July 9, 2009 |
| Brandywine II Apartments | July 9, 2009 |
| Brandywine I Apartments | July 9, 2009 |
| Heathwood Village | July 9, 2009 |
| Paxton Park Apartments | July 9, 2009 |
| Hunters Glen Apartments | July 9, 2009 |
| Westgate Terrace | July 9, 2009 |
| KGLA Associates | March 13, 2013 |