IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK E. WOOLLEY,** | : | |
|     **Plaintiff** | : | No. 1:20-cv-01887 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **MICHAEL GROFT,** | : | |
|     **Defendant** | : | |

## MEMORANDUM

Presently before the Court is Plaintiff Mark E. Woolley ("Plaintiff")'s "motion for reconsideration and for leave to file an amended complaint" (Doc. No. 21), filed in response to this Court's Order of February 16, 2021, in which the Court dismissed several claims in the above-captioned action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) after determining the claims were barred by the applicable statute of limitations (Doc. No. 19). For the reasons that follow, the Court will grant Plaintiff's motion.

**I.   BACKGROUND**

Plaintiff is the Secretary of MGM Enterprises, Inc. ("MGM"), a company that invests in and manages real estate properties throughout central Pennsylvania. (Doc. No. 1 ¶ 5.) The instant dispute arises from events that occurred during and after Defendant Michael Groft ("Defendant")'s tenure as Chief Financial Officer ("CFO") and President of MGM from approximately 2008 through 2017. (Id. ¶¶ 7-8, 10.) Under the terms of Defendant's employment agreement, any future acquisitions of MGM would be purchased by a limited partnership in which Defendant would be given an interest without having to provide capital at the time of purchase. (Id. ¶¶ 12, 14-15.) Pursuant to this structure, Plaintiff or a fellow shareholder would pay Defendant's share of the purchase price of any new acquisition, and then demand notes would be executed setting forth Defendant's obligation to repay his interest in the acquisition using proceeds obtained during the

refinance or sale of the property.  (Id. ¶¶ 14-17.)  Between 2008 and 2013, fourteen (14) demand notes were executed under the terms of the employment agreement, all of which stated that Defendant would pay Plaintiff the purchase price "on demand."  (Id. ¶¶ 19-21.)

On October 13, 2020, Plaintiff initiated the above-captioned action by filing a complaint in this Court asserting various claims against Defendant for breach of contract, unjust enrichment, and fraud, alleging that Defendant never repaid the demand notes in violation of their agreement. (Doc. No. 1.)  On October 14, 2020, Plaintiff's counsel sent a copy of the complaint and a waiver of service pursuant to Federal Rule of Civil Procedure 4(d) to Defendant's counsel.  (Doc. No. 5 ¶ 7.)  Defendant's counsel entered an appearance in this action on November 13, 2020 and filed a motion to dismiss multiple counts of the complaint as untimely pursuant to the applicable statute of limitations.  (Doc. No. 9).

Following briefing on Defendant's motion to dismiss (Doc. Nos. 13, 16, 17), the Court issued a Memorandum and Order on February 16, 2021 in which the Court found that: (1) the demand notes at issue in this case were negotiable instruments governed by Pennsylvania's adoption of the Uniform Commercial Code ("UCC"); (2) Counts I, III, IV, and V of Plaintiff's complaint were time barred; and (3) neither the discovery rule[1] nor principles of equitable tolling applied to preclude the dismissal of Plaintiff's claims on statute of limitations grounds.  (Doc. Nos. 18, 19.)  The Court further determined that, in light of its finding that Plaintiff's claims were time barred as a matter of law, amendment would be futile.  (Doc. No. 10 at 12 n.4.)  Accordingly, the Court dismissed Counts I, III, IV, and V of Plaintiff's complaint with prejudice and directed

---

[1] More specifically, the Court acknowledged that "[i]n causes of action involving commercial transactions under the UCC, the discovery rule does not apply unless the defendant is found to be guilty of fraudulent concealment."  (Doc. No. 18 at 10.)  The Court went on to determine Plaintiff failed to meet his burden of establishing fraudulent concealment.  (Id. at 11-12.)

Defendant to file an answer to Plaintiff's remaining claims within fourteen (14) days. (Doc. No. 19.)

On March 2, 2021, Defendant filed his answer to Plaintiff's complaint. (Doc. No. 20.) However, the same day, Plaintiff filed the instant motion for reconsideration, along with a brief in support, requesting that the Court reconsider its dismissal insofar as its determination that Plaintiff's claims should be dismissed with prejudice. (Doc. Nos. 21, 22.) Instead, Plaintiff requests that the Court deem its dismissal to be without prejudice and grant Plaintiff the opportunity to file an amended complaint to more specifically plead facts related to the potential application of the discovery rule and doctrine of fraudulent concealment. (Doc. No. 21.) Plaintiff filed his proposed amended complaint as an exhibit to the motion. (Doc. No. 21-1.) Defendant filed a brief in opposition on March 16, 2021. (Doc. No. 23.) Plaintiff filed no reply, and, as the time for filing a reply has expired, the motion is ripe for disposition.

## II.    LEGAL STANDARD

### A.    Motion for Reconsideration

Motions for reconsideration of interlocutory orders are governed by Federal Rule of Civil Procedure 54(b). See Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Accordingly, the Court is not limited in its review by the stringent standards applicable to motions for reconsideration of final orders pursuant to Federal Rule of Civil Procedure 60 and may grant reconsideration where the movant can establish good cause and where reconsideration would be "consonant with justice." See id. Nonetheless, courts often look to the standards of Rule 60 for guidance in considering motions for reconsideration of interlocutory orders. See, e.g., Nyamekye v. Mitsubishi Elec. Power Prods., Inc., No. 17-CV-852, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018). Pursuant to Rule 60, a court may alter or amend a prior judgment upon a

showing of: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Regardless of whether a motion is considered pursuant to Rule 60 or the somewhat relaxed standard of Rule 54(b), a motion for reconsideration is not to be used "to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." See Qazizadeh, 214 F. Supp. 3d at 295 (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a) usually governs requests for the amendment of pleadings and instructs that leave to amend should be freely given "when justice so requires." See Fed. R. Civ. P. 15(a)(2). Within the Third Circuit, leave to amend "must generally be granted unless equitable considerations render it otherwise unjust." See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). However, a court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." See Foman v. Davis, 371 U.S. 178, 182 (1962). A pleading is futile if, as amended, it fails to state a claim upon which relief may be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In order to determine whether an amendment is futile, a district court applies the standard of legal sufficiency applied

4

under Federal Rule of Civil Procedure 12(b)(6).[2]  See id.  Accordingly, when assessing the potential futility of a proposed amended complaint, the Court must accept as true the allegations in the proposed amended complaint and consider those allegations in the light most favorable to the party seeking leave to amend.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

### III. DISCUSSION

The instant motion requests relief on a limited basis; specifically, that the Court revise its Order of February 16, 2021 to dismiss Plaintiff's claims without prejudice and permit the filing of an amended complaint.  As the Court's determination of whether legal and equitable principles require reconsideration invariably turns in part on whether Plaintiff's proposed amended complaint presents meritorious and adequately pleaded claims, the Court will first consider Plaintiff's proposed amended complaint.  The Court previously determined that Plaintiff's claims at Counts I, III, IV, and V of his complaint, repleaded in the proposed amended complaint, are governed by Pennsylvania's adoption of the UCC.  (Doc. No. 18 at 8-10.)  Consistent with that determination, Plaintiff's repleaded claims are barred by the applicable statute of limitations unless Plaintiff's

---

[2] The United States Court of Appeals for the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6):  (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). For claims alleging fraud or mistake, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading obligation.  See Fed. R. Civ. P. 9(b).  Specifically, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  See id.

proposed amended complaint pleads facts to enable a finding that the Court should toll the statute of limitations.

A.    **Plaintiff's Proposed Amended Complaint and the Discovery Rule**

1.    **Applicable Legal Standard**

As the Court acknowledged in its prior decision, and as the parties do not dispute, in causes of action involving commercial transactions under the UCC, the discovery rule does not apply unless the defendant is found to be guilty of fraudulent concealment. See Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, at 786-87 (E.D. Pa. 2008)(collecting cases). To be entitled to tolling under a theory of fraudulent concealment, a plaintiff must demonstrate: (1) an affirmative independent act of concealment upon which the plaintiff reasonably relied; or (2) an omission, but only where the defendant had an independent duty to disclose the relevant information. See id. at 787 (collecting cases). The party asserting fraudulent concealment "has the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing." See Molineux v. Reed, 532 A.2d 792, 794 (Pa. 1987). Further, under Federal Rule of Civil Procedure 9, a party "must state with particularity the circumstances constituting fraud or mistake." See Fed. R. Civ. P. 9.

2.    **Whether Plaintiff's Proposed Amended Complaint Adequately Pleads Fraudulent Concealment**

Defendant makes only one argument that the allegations of Plaintiff's proposed amended complaint inadequately plead fraudulent concealment—that any reliance on Defendant's alleged misrepresentations was unreasonable because:

> [Plaintiff] does not—and cannot—explain how he could simply have overlooked the fact that he was missing over $2,000,000 purportedly owed to him by [Defendant], or how he could not have discovered the absence of such a large sum of money, within the previous 12 years, by simply exercising even a modicum of common sense or vigilance.

(Doc. No. 23 at 11.)  However, the Court notes that while assessing the allegations of Plaintiff's proposed amended complaint, it is required to construe all facts in the light most favorable to Plaintiff as the party seeking leave to amend.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d at 314.  Further, the Third Circuit has advised that "whether a plaintiff has exercised reasonable diligence is generally a factual question reserved for the jury" except in circumstances where "the facts are so clear that reasonable minds cannot differ."  See Mest v. Cabot Corp., 449 F.3d 502, 512 (3d Cir. 2006) (internal citation omitted).  Although a fully developed evidentiary record at a later stage of this case may ultimately permit the Court to engage in deeper inquiry into the reasonableness of Plaintiff's exercise of due diligence, the Court cannot make such a finding at the pleading stage.

With regard to whether the allegations of Plaintiff's proposed amended complaint satisfy Plaintiff's heightened pleading obligation for fraud claims pursuant to Rule 9, the Court finds that Plaintiff has met his burden.  Plaintiff's proposed amended complaint specifically alleges, inter alia, that: (1) Defendant used his fiduciary position as President and CFO of MGM to "control and manipulate[] the financial records, documents and the flow of information to the shareholders, including [Plaintiff]" (Doc. No. 21-1 ¶ 32); (2) Defendant made affirmative and fraudulent statements regarding his alleged payment of the demand notes on multiple occasions, including maintaining spreadsheets and documents that he provided to Plaintiff and maintained on MGM's systems asserting the demand notes had been paid (id. ¶¶ 32-52); (3) Defendant continued to affirmatively misrepresent the repayment status of the demand notes with fraudulent spreadsheets even after Defendant stepped down as President of MGM (id. ¶¶ 60-64); (4) Plaintiff began questioning Defendant's representations and initiated an investigation of financial documents and MGM records in early 2020 after learning from attorneys that Defendant breached a separate

contract and only then discovered that the demand notes had not been paid (id. ¶¶ 65-68). Although Defendant claims these allegations are "vague," the Court finds that they are more than sufficient to satisfy the requirements of Rule 9—specifically that Plaintiff plead "all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." See U.S. ex. rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC, 812 F.3d 294, 307 (3d Cir. 2016) (internal citation omitted). Accordingly, the Court finds that Plaintiff has sufficiently alleged that Defendant engaged in fraudulent concealment and that, therefore, permitting amendment of Plaintiff's complaint would not be futile.

      **B.**     **Whether the Court Should Reconsider its Dismissal With Prejudice**

In support of the instant motion, Plaintiff argues that reconsideration on the limited basis that he requests is appropriate because "there are numerous additional facts that [Plaintiff] would include" in an amended complaint that would support the application of the discovery rule, including "specific examples of [Defendant] fraudulently concealing his failure to repay the demand notes by stating—orally and in writing, and on multiple occasions over the past ten years—that they had been repaid." (Doc. No. 22 at 2.) Plaintiff additionally asserts that he can plead additional facts regarding the scope of Defendant's fiduciary relationship and his own exercises of due diligence with respect to the discovery of the alleged fraud in order to overcome the deficiencies identified by the Court in its prior decision. (Id. at 2-4.) In response, Defendant asserts that reconsideration and leave to amend should be denied because "[Plaintiff] was aware of all of the additional facts he seeks to add in his proposed Amended Complaint at the time he filed his original Complaint." (Doc. No. 23 at 10.) Therefore, Defendant argues that Plaintiff cannot satisfy the stringent standards governing motions for reconsideration. (Id.)

Although the Court agrees with Defendant that reconsideration is typically an extraordinary remedy, the Court finds that reconsideration is appropriate here. As acknowledged, the Court is less strictly limited when considering motions for reconsideration of interlocutory orders. See Qazizadeh, 214 F. Supp. 3d at 295. Further, the Court is mindful of the liberal standards governing the amendment of pleadings that weigh in favor of allowing amendment when a party has a potentially meritorious claim. See Arthur, 434 F.3d at 204. The Court does not find that Defendant would be prejudiced by the proposed amendment—this case is still in early stages and the parties have not yet begun discovery. Nor does the Court find that the proposed amendment has been unduly delayed or brought in bad faith. Plaintiff requested reconsideration and leave to amend after the Court identified deficiencies with his original complaint—the first notice from the Court itself, rather than Defendant, that Plaintiff's pleadings were deficient. The Court's analysis, supra, indicates that Plaintiff has corrected these deficiencies. Accordingly, the Court finds that granting reconsideration and leave to amend would be "consonant with justice" and consistent with the guiding precedent of this Circuit regarding the amendment of pleadings and will therefore grant Plaintiff's motion for reconsideration.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion for reconsideration (Doc. No. 21), grant Plaintiff leave to amend, and will deem filed Plaintiff's proposed amended complaint (Doc. No. 21-1). An appropriate Order follows.